638

rights of all interested parties to bring a timely appeal. Although well intended, this two-tiered system does not reflect the clear language of the MPC.

While I acknowledge the common sense efforts of the Commonwealth Court in attempting to engraft a practical solution in the face of a legislative scheme that is not sensitive to the realities of citizen involvement in the land-use process, in the end I cannot endorse that effort. Ultimately, I must agree with the majority, it is not the function of the judiciary to correct the foibles of inartful legislation or to legislate from the bench.

Accordingly, I join the opinion of the majority.

Justices CASTILLE and EAKIN join this concurring opinion.

Brian Martin Monahan, Esq., for Russell Buskirk.

Robert Eyer, Esq., Northampton County District Attorney's Office, John Michael Morganelli, Esq., Jay William Jenkins, Esq., Northampton County District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Russell BUSKIRK, Appellant.

Supreme Court of Pennsylvania.

Feb. 20, 2007.

Kenneth Alan CARTER, Appellant,

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.

Supreme Court of Pennsylvania.

Feb. 20, 2007.